IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EMMANUELA OBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-184 |
| | ) | |
| LAMBERT NGOKA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). Upon review of the IFP motion, (doc. no. 2), the Court determined there was insufficient information to determine whether Plaintiff should be allowed to proceed IFP, (see doc. no. 5). Thus, on August 26, 2025, the Court denied Plaintiff's IFP motion without prejudice and directed her to submit a new IFP motion within twenty-one days. (Id.) The Court also ordered Plaintiff to amend her complaint within twenty-one days to correct numerous pleading deficiencies and warned Plaintiff if she did not timely submit an amended complaint and file a new IFP motion or pay the $405.00 filing fee, she risked dismissal of the case. (See id. at 6.) The time to respond has passed, and Plaintiff has neither complied with the August 26th Order nor otherwise offered any explanation to the Court why she has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . .

for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file an amended complaint and failure to submit a new IFP motion or pay the $405 filing fee, or even to provide the Court with an explanation for her failure to timely respond, amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, the Court cautioned Plaintiff that a failure to respond would be an election to have her case voluntarily dismissed.

In sum, the time to respond has passed, and Plaintiff has not complied with the Court's August 26th Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of September, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA